Gerald GREENWALD, Plaintiff,

v.

PAN AMERICAN WORLD AIRWAYS, INC., American Airlines, Inc., and Frisbie Moving and Storage Co., Inc., Defendants.

No. 81 Civ. 4517(MEL).

United States District Court, S. D. New York.

Sept. 20, 1982.

Halley & Chalos, New York City, for plaintiffs; Michael G. Chalos, New York City, of counsel.

Curtis-Mallet, Prevost, Colt & Mosle, New York City, for defendant Pan American World Airways, Inc.; John N. Romans, New York City, of counsel.

Moore, Berson, Lifflander & Mewhinney, Garden City, N.Y., for defendant American Airlines, Inc.; James A. Gallagher, Jr., Garden City, N.Y., of counsel.

Garbarini, Scher & De Cicco, P. C., New York City, for defendant Frisbie Moving & Storage Co., Inc.; Philip A De Cicco, William B. Drabyk, New York City, of counsel.

LASKER, District Judge.

This action arises from the loss and damage to plaintiff's household and personal goods as they were shipped from Caracas, Venezuela to Detroit, Michigan. The defendants were successive carriers of the goods. Pan American World Airways, Inc. ("Pan Am") carried the goods from Caracas to New York; American Airlines, Inc. ("American") shipped the goods from there to Detroit; and Frisbie Moving & Storage Co., Inc. ("Frisbie") delivered the goods to plaintiff. American and Frisbie move pursuant to Fed.R.Civ.Pr. 12(b)(1) to dismiss the action for lack of subject matter jurisdiction.[1]

The sole basis for jurisdiction alleged in the complaint is diversity, 28 U.S.C. § 1332. Frisbie's affidavit establishes that it is a resident of Michigan, as is plaintiff, which makes diversity jurisdiction unavailable. In response to the defendants' motions, plaintiff cross-moved to amend his complaint, pursuant to Fed.R.Civ.Pr. 15(a), to add alternative bases of jurisdiction. As to the airlines, the proposed amended complaint alleges jurisdiction under the War-

---

1. Pan Am also moved to dismiss, but later withdrew the motion, per letter of John N. Romans, dated May 3, 1982.

saw Convention;[2] as to Frisbie, plaintiff relies on the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11).

American argues that the Warsaw Convention confers jurisdiction only as to claims for wrongful death or baggage loss and then only where diversity jurisdiction is unavailable or where there are multiple plaintiffs. Frisbie argues that the Interstate Commerce Act does not apply to the intrastate leg of an interstate shipment.[3]

\* \* \*

■ The leading case as to the jurisdictional effects of the Warsaw Convention is *Benjamins v. British European Airways,* 572 F.2d 913 (2d Cir. 1978), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979), in which the Second Circuit, reversing its prior decisions, held that a cause of action may "arise under" the Warsaw Convention for the purposes of federal question jurisdiction, 28 U.S.C. § 1331. American argues that the *Benjamins* rule should be limited to its facts: actions for wrongful death or baggage loss, in which diversity jurisdiction is unavailable, resulting from large air disasters. The argument is unpersuasive.

The primary rationale of the *Benjamins* court was the "desirability of uniformity in international air law:"

> "We ... believe that the desirability of uniformity in international air law can best be recognized by holding that the Convention, otherwise universally applicable, is also the universal source of a right of action. We do see that uniformity of development can better be achieved by making federal as well as state courts accessible to Convention litigation."

*Id.* at 919. If American's suggestion of limiting *Benjamins* to its particular facts were to be adopted, the goal of uniformity would soon be defeated because federal jurisdiction would then be available only in limited circumstances.

The concern for uniformity would appear to be as great in cases of cargo loss as in actions for wrongful death or baggage loss. Moreover, the Convention itself makes no distinction between liability for loss of baggage and liability for loss of goods. *See* Article 18(1).

Moreover, it is difficult to believe that the Court intended the availability of federal jurisdiction to depend on whether the loss was suffered by many plaintiffs or by only a few. While the utility of multidistrict litigation procedures may make federal jurisdiction "peculiarly appropriate" in large crash cases, *Id.,* the benefits of federal jurisdiction with respect to the uniform development of the law would appear to be equally important regardless of the number of plaintiffs.

Finally, the *Benjamins* Court did not limit its holding to actions in which diversity jurisdiction was unavailable. The Court stated only that it did not expect its ruling to result in a large increase in federal aviation litigation, because most aviation cases were already allowed in federal court under the diversity jurisdiction. In any event, even if American's argument were correct, it would be of little avail in the instant action, because diversity jurisdiction is not available to plaintiff.

■ Frisbie's jurisdictional argument was foreclosed by the Supreme Court in *New York, New Haven and Hartford Railroad Co. v. Nothnagle,* 346 U.S. 128, 131, 73 S.Ct. 986, 988, 97 L.Ed. 1500 (1953). In *Nothnagle,* the Court ruled that the determination whether a transaction is "incident to an interstate journey within the ambit of the Interstate Commerce Act" is to be made on the basis of the "character of the commerce" as revealed by the "destination intended by the passenger when he begins his

---

**2.** Convention for the Unification of Certain Rules Relating to International Transportation by Air (concluded October 12, 1929; adhered to by United States June 27, 1934), 49 U.S.C. § 1502.

**3.** Counsel for Frisbie was invited to submit a brief clarifying its position. It declined to do so, stating that it was occupied with a trial on another matter. (Telephone call of Chambers to William B. Drabyk, May 10, 1982).

journey and known to the carrier." *Id.* "Neither continuity of interstate movement nor isolated segments of the trip can be decisive." *Id.* Under *Nothnagle,* the fact that the segment of transportation performed by Frisbie was intrastate does not remove the action from the ambit of the Interstate Commerce Act. The character of the commerce was interstate, and Frisbie does not contend that it was ignorant of that fact.

Frisbie has also moved to compel plaintiff to comply with certain discovery demands. Frisbie contends that plaintiff has neither sought an extension of time to respond to the discovery requests, nor moved for a protective order.

Plaintiff makes no explanation of its failure to respond to Frisbie's discovery demands. In fact, he fails to refer to them at all in his papers in opposition to Frisbie's motion.

Accordingly, leave is granted to plaintiff to submit an amended complaint and the defendants' motions to dismiss are denied.

Plaintiff is ordered to comply with Frisbie's discovery demands within thirty days.

It is so ordered.